UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JABRINA BUCKLEY<br><br>Plaintiff,<br><br>v.<br><br>CAVALRY SPV I, LLC<br><br>Defendant. | CIVIL ACTION  1:15-cv-2436<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

NOW COMES the Plaintiff, JABRINA BUCKLEY ("Jabrina"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, CAVALRY SPV I, LLC ("Cavalry") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and violations of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, et. seq. ("ICFA").

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA) and 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4. Jabrina is a natural person who resides in the Northern District of Illinois and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

5. At all times relevant to the action, Cavalry was a Delaware corporation with its principal office located at 500 Summit Lake Drive, #400, Valhalla, New York 105951 and its registered agent is C T Corporation System located at 208 South La Salle Street, Suite 814, Chicago, Illinois 60604.

6. Cavalry is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**FACTS SUPPORTING CAUSE OF ACTION**

7. Cavalry has been attempting to collect, from Jabrina, an alleged consumer debt in the amount of $2,850.58.

8. On June 6, 2014, Cavalry, filed a complaint in the Circuit Court of Cook County, Illinois against Jabrina. The case was captioned *Cavalry SPV I, LLC v. Jabrina Buckley* case number 2014 M1 132111 ("Collection Case"). *See* Exhibit A, a true and correct copy of the Collection Case court docket.

9. Cavalry filed the Collection Case at the Richard J. Daley Center Courthouse. *Id.*

10. The Richard J. Daley Center Courthouse serves Cook County's First Municipal District. *See* Exhibit B, a true and correct copy of a map of the Circuit Court of Cook County Municipal Districts and Courthouses.

11. Civil matters that do not meet the damages threshold to be filed in the Law Division of the Circuit Court of Cook County are assigned to the Circuit Court's Civil/Municipal Division.

12. Cases filed in the First Municipal District are identified by the abbreviation "M1."

13. Jabrina resides at 22125 Kostner Avenue, Richton Park, Illinois 60471.

14. Richton Park, Illinois is located in Cook County, but is located within the Circuit Court of Cook County's Sixth Municipal District. *Id.*

15. The Markham Courthouse is the courthouse that serves the Circuit Court of Cook County's Sixth Municipal District. *Id.*

16. The Richard J. Daley Center Courthouse is 33 miles from Jabrina's home.

17. In contrast, the Markham Courthouse is 10 miles from Jabrina's home.

18. In order for Jabrina to travel to the Markham Courthouse from her home, she would merely have to drive on Interstate 57 North and park in the free parking lot at the Markham Courthouse.

19. According to Google Maps, the trip would take about 12 minutes.

20. In order for Jabrina to travel to the Richard J. Daley Center Courthouse, she must first take Interstate 57 North to Chicago, locate expensive parking for her vehicle, and make her way there either on foot or via taxi.

21. According to Google Maps, this trip will take 36 minutes excluding the time spent in traffic, locating parking, and then actually making the trek to the Richard J. Daley Center Courthouse upon arrival to downtown Chicago.

22. The courthouse closest to Jabrina's home is the Markham Courthouse.

23. On July 18, 2014, Jabrina filed her pro se appearance in the Collection Case. *See* Exhibit A.

24. As a result of Cavalry's actions, Jabrina was forced to retain counsel that regularly practices in the First District and incurred substantial costs in order to defend the collection case at the Richard J Daley Center Courthouse.

25. Jabrina also suffered from anxiety, mental anguish, and emotional distress as a result of Cavalry's actions.

### COUNT I -- VIOLATION OF THE FDCPA AGAINST CAVALRY

26. Jabrina repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

28. 15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

29. The closest courthouse to Jabrina's home is the Markham Courthouse.

30. Cavalry violated 15 U.S.C. §1692i(a)(2) when it filed the Collection Case at the Richard J. Daley Center Courthouse, a location some 23 miles further from Jabrina's home than the Markham Courthouse.

31. Cavalry sued Jabrina at a remote courthouse in order to discourage her from appearing and defending the Collection Case.

32. Cavalry's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

WHEREFORE, Plaintiff, JABRINA BUCKLEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II -- VIOLATION OF ICFA AGAINST CAVALRY

33. Jabrina restates and realleges paragraphs 1 through 25 as though fully set forth herein.

34. The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact … in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

35. Cavalry violated 815 ILCS 505/2 when it engaged in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its efforts to collect a debt from Jabrina.

36. Specifically, Cavalry's active participation in the Collection Case, with knowledge that the case was filed in the wrong district, was intended only to deceive Jabrina into believing that the First Municipal District is the venue where she must defend the case, when in

fact, she would have been able to defend the Collection Case in the more convenient Markham Courthouse.

37. Cavalry regularly obtains default judgments against consumers by knowingly filing collection actions against them in venues that are convenient for Cavalry, and its attorneys, and purposely inconvenient and discouraging for the consumer who may not otherwise have the means to travel the long distances.

38. Cavalry's self-serving pattern and practice of filing collection actions against consumers, with actual knowledge that such a practice increases the probability of default judgments against consumers, amounts to an unfair debt collection practice effectuated through the courts.

39. Cavalry's pattern and practice described above amounts to an unfair, deceptive and improper use of the courts in connection with the collection of a debt.

40. Cavalry's active concealment of the proper venue, for where it could file its collection action, constitutes a material misrepresentation made in the conduct of trade or commerce.

41. Cavalry intended that Jabrina rely on its misrepresentation in its attempts to obtain a default judgment against her in the improper venue.

42. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

43. Jabrina was harmed by Cavalry's unfair and deceptive practices because she was led to believe that she had to expend unnecessary time and energy traveling to the wrong venue.

44. As pled in paragraphs 23 through 25, Jabrina was harmed by Cavalry's deceptive business practices.

45. Moreover, these unfair and deceptive practices are part of a pattern and practice of behavior in which Cavalry routinely engages as part of its lucrative business model.

46. An award of punitive damages is appropriate because Cavalry's conduct described above was willful and wanton, and showed a reckless disregard for the protections afforded by ICFA, and Jabrina's rights thereunder.

47. Furthermore, punitive damages are warranted to deter Cavalry from further harmful misconduct.

48. As such, Jabrina is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, JABRINA BUCKLEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff actual damages and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. awarding the Plaintiff costs and reasonable attorney fees; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 20, 2015

Respectfully Submitted,

/s/ Paul M. Bach
Paul M. Bach, Esq. ARDC #6209530
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188